IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16-49-GF-BMM-JTJ |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| QUADE SMITH, | |
| Defendant. | |

## I.    Synopsis

Defendant Quade Smith (Smith) has been accused of violating the conditions of his supervised release. (Docs. 102, 112 and 115).  Smith admitted some of the alleged violations. Smith's supervised release should be revoked. Smith should be sentenced to custody for 4 months with 32 months years of supervised release to follow on Counts 1, 2 and 3, with the custodial and supervised release terms to run concurrently.

**Status**

On August 8, 2016, Smith plead guilty to the offenses of Count 1: Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(a); Count 2: Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. §§ 1153(a), 113(a)(6); and Count 3: Discharge of a Firearm in Relation to a Crime of Violence,  in violation of 18 U.S.C. § 924(c)(1)(A) (3s), as charged in the Superseding Information. (Doc. 42).  Smith was sentenced to 1 month of custody on Counts 1 and 2,  followed by 3 years of supervised release on each count, with the custodial and supervised release terms to run concurrently. Smith was further sentenced to 120 months of custody on Count 3, followed by 3 years of supervised release, with the custodial term to run consecutive to Counts 1 and 2 and the supervised release term to run concurrently to Counts 1 and 2. (Doc. 42).  Smith's current term of supervised release began on October 3, 2025.

**Petition**

On March 6, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Smith's supervised release. (Doc. 102). The Petition alleged Smith violated the conditions of his supervised release by: (1) submitting a dilute urinalysis on  November 24, 2025; (2) submitting a dilute urinalysis on  January 7, 2026; (3) committing another federal, state or local crime by pleading guilty to the offense of Speeding, in violation of Mont. Code Ann. §

61-8-303 on February 4, 2026; (4) using alcohol on or about February 9, 2025; (5) failing to notify his probation officer about a change in his living arrangements within ten days during February of 2026, by not advising his probation officer that his girlfriend had moved into his residence; (6) using methamphetamine on February 27, 2026; and (7) being in possession of methamphetamine on March 4, 2026.

### Initial Appearance

Smith appeared before the Court on March 31, 2026.  Smith was represented by counsel. Smith stated that he had read the Petition and that he understood the allegations against him. Smith waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation Hearing

Smith appeared before the Court on March 31, 2026.  Smith admitted that he violated the conditions of his supervised release as set forth as allegations 3-6 of the Petition.  The Government moved to dismiss allegations, 1, 2, and 7, which the Court granted.  Smith's violations are serious and warrant revocation of his supervised release.

### Sentencing hearing

Smith appeared before the Court on March 31, 2026.  The Court continued Smith's sentencing until June 30, 2026, at 10:00 a.m.

**Amended Petition**

On April 23, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke Smith's supervised release. (Doc. 112). The Amended Petition alleged Smith additionally violated the conditions of his supervised release by: (8) failing to comply with the condition of home detention on April 22, 2026; and (9) failing to answer truthfully questions of his probation officer on April 22, 2026, by stating he was at home when he was at a gas station.

**Second Amended Petition**

On May 4, 2026, the United States Probation Office filed a Second Amended Petition requesting that the Court revoke Smith's supervised release. (Doc. 115). The Second Amended Petition alleged Smith additionally violated the conditions of his supervised release by: (10) committing another federal, state or local crime by being charged on March 17, 2026 in the Montana Ninth Judicial District Court with the felony offense of Criminal Possession of Dangerous Drugs in violation of Mont. Code Ann. § 45-9-102 and with the misdemeanor offense of Criminal Possession of Drug Paraphernalia, in violation of Mont. Code Ann. § 45-10-103; and (11) having contact with Mammie Kennedy during April of 2026, after being instructed by his probation officer not to do so.

**Initial Appearance**

Smith appeared before the Court on May 5, 2026.  Smith was represented by counsel. Smith stated that he had read the Second Amended Petition and that he understood the allegations against him. Smith waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

Smith appeared before the Court on May 5, 2026.  The Court noted that Smith had previously admitted allegations 3, 4, 5 and 6. Smith then admitted that he had violated the conditions of supervised release as set forth as allegations 8 and 11 the Second Amended Petition.  The Court heard testimony from United States Probation officer Jessica Simonsen regarding allegation 9. Following Ms. Simonsen's testimony, the Court determined that the Government had met its burden to show that it was more likely than not that Smith had violated his conditions of supervised release as alleged in allegation 9.  The Government moved to dismiss allegation 10, which the Court granted. Smith's admitted and/or proven violations are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Smith appeared before the Court on May 5, 2026.  Smith's violations are Grade C.  His criminal history category is I.  Smith's underlying offenses in Counts 1 and 2 are Class C felonies and his underlying offense in Count 3 is a Class A felony.  Smith could be incarcerated for up to 24 months on Counts 1 and 2 and could be incarcerated for up to 60 months on Count 3. Smith could be ordered to remain on supervised release for up to 36 months, less any custody time imposed, on all counts.  The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Smith's supervised release should be revoked.  Smith should be sentenced to custody for 4 months, with 32 months of supervised release to follow on Counts 1, 2, and 3, with both the custodial and supervised release terms to run concurrently.  This sentence is sufficient but not greater than necessary.

## IV.    Conclusion

The Court informed Smith that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed Smith of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Smith that Judge Morris would consider a

timely objection before making a final determination on whether to revoke his

supervised release and what, if any, sanction to impose. Smith waived his right to

appeal and allocute before Judge Morris.

The Court **FINDS**:

That QUADE SMITH has violated the conditions of his supervised release by: (3) committing another federal, state or local crime by pleading guilty to the offense of Speeding, in violation of Mont. Code Ann. § 61-8-303 on February 4, 2026; (4) using alcohol on or about February 9, 2025; (5) failing to notify his probation officer about a change in his living arrangements within ten days during February of 2026, by not advising his probation officer that his girlfriend had moved into his residence; (6) using methamphetamine on February 27, 2026; (8) failing to comply with the condition of home detention on April 22, 2026; (9) failing to answer truthfully questions of his probation officer on April 22, 2026, by stating he was at home when he was at a gas station; and (11) having contact with Mammie Kennedy during April of 2026, after being advised by his probation officer not to do so.

The Court **RECOMMENDS**:

That the District Court revoke Smith's supervised release and sentence Smith to custody for 4 months with 32 months of supervised release to follow on Counts 1, 2, and 3, with both the custodial and supervised release terms to run concurrently.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 6th day of May 2026.


John Johnston
United States Magistrate Judge